**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| DAVID YATES, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 5:21-cv-02625 |
| | : | |
| MAJEED KASSEM and 3M TRUCKING, | : | |
| LLC, | : | |
| Defendants. | : | |

## O P I N I O N

**Defendants' Motion to Dismiss Plaintiff's Complaint, ECF No. 3—GRANTED**

**Joseph F. Leeson, Jr.**                                                      **July 20, 2021**
**United States District Judge**

## I.    INTRODUCTION

This case involves a single count of negligence.  Plaintiff David Yates alleges that

Defendants are liable for his injuries in connection with a motor vehicle accident that occurred in

Maryland, and he seeks compensatory damages in excess of $75,000.00.  Yates filed suit in the

Philadelphia County Court of Common Pleas against Defendants.  Defendants removed the

action to this Court based on diversity jurisdiction.  Defendants now move to dismiss the

Complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2),

or, alternatively, pursuant to 12(b)(3) for improper venue.

## II.    BACKGROUND

### A.    Facts Alleged in the Complaint

The following facts are alleged in the Complaint.  David Yates is an adult individual who

resides in Coopersburg, Pennsylvania.  Compl., ECF No. 1-5, ¶ 1.  Majeed Kassem is an adult

individual who resides in Dearborn Heights, Michigan.  *Id.* ¶ 2.  3M Trucking, LLC, is a limited

liability company which is organized under the laws of the State of Michigan with a business address located in Dearborn Heights, Michigan.  *Id.* ¶ 3.

On April 25, 2019, Yates, while in the course and scope of his employment, was operating a motor vehicle in Maryland.  *See id.* ¶ 5.  At the time of the relevant incident underlying this lawsuit, Yates's vehicle was stopped for traffic in the southbound lanes of Interstate 81 at or near its intersection with Cearfoss Pike in the City of Hagerstown, Maryland. *Id.*  While stopped, Yates's vehicle was struck in the rear by a vehicle owned by Defendants and operated by Defendant Majed Kassem and/or John Doe, causing severe and permanent injury to Yates.[1]  *Id.*  Yates asserts that this collision and his resulting injuries were the direct result of Defendants' negligence.  *See id.* ¶¶ 11-17.

**B.    Procedural History**

On April 22, 2021, Yates filed suit against Defendants in the Court of Common Pleas of Philadelphia County.  *See* ECF No. 1-5.  On June 10, 2021, Defendants removed the case to this Court on grounds of diversity jurisdiction.  *See* ECF No. 1.  On June 11, 2021, Defendants filed their instant motion to dismiss, *see* ECF No. 3, to which Yates responded on June 25, 2021, *see* ECF No. 5.  Defendants did not file a reply in further support of their motion.

---

[1]     The Complaint states that after reviewing the police report and contacting the insurer for Majed Kassem and 3M Trucking, LLC, Yates was unable to confirm the actual name of the operator and/or owner of the vehicle that struck him. *Id.* ¶ 6.  Yates also alleges that Defendant John Doe is a fictious name designating the operator or owner of the motor vehicle that struck him. *Id.* ¶ 4.  Yet in his opposition to Defendants' motion, Yates has removed "John Doe" from the caption and changed the statement of facts to reflect that he was "struck in the rear by the vehicle owned by Defendants, Majed Kassem and/or 3M Trucking, LLC, and operated by Defendant, Majed Kassem." Resp. in Opp'n. to Mot., ECF No. 5, at 3.  The Court therefore assumes Yates is no longer pursuing a claim against "John Doe."

## III.    LEGAL STANDARDS & APPLICABLE LAW

### A.    Legal Standard – Motions Under Federal Rule of Civil Procedure 12(b)(2)

A motion to dismiss a pleading for lack of personal jurisdiction is properly raised under Federal Rule of Civil Procedure 12(b)(2).  A Rule 12(b)(2) motion "is inherently a matter which requires resolution of factual issues outside the pleadings, i.e. whether in personam jurisdiction actually lies." *Patterson by Patterson v. F.B.I.*, 893 F.2d 595, 603 (3d Cir. 1990).  Where a defendant challenges the existence of personal jurisdiction, the plaintiff bears the burden of making a prima facie showing that jurisdiction exists.  *Aetna Inc. v. Insys Therapeutics, Inc.*, 324 F. Supp. 3d 541, 550 (E.D. Pa. 2018) (citing *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007)); *Action Mfg. Co. v. Simon Wrecking Co.*, 375 F. Supp. 2d 411, 418 (E.D. Pa. 2005).  "The plaintiff meets this burden by 'establishing with reasonable particularity sufficient contacts between the defendant and the forum state to support jurisdiction.'" *Hepp v. Facebook, Inc.*, No. CV 19-4034, 2020 WL 4437036, at *3 (E.D. Pa. Aug. 3, 2020) (quoting *Provident Nat'l Bank v. California Fed. Sav. & Loan Assoc.*, 819 F.2d 434, 437 (3d Cir. 1987)).

A plaintiff may not "rely on the bare pleadings alone in order to withstand a defendant's motion to dismiss for lack of personal jurisdiction." *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984).  "Instead, the 'plaintiff must respond with actual proofs, not mere allegations.'" *Hepp*, 2020 WL 4437036, at *3 (quoting *Time Share Vacation Club*, 735 F.2d at 66 n.9).  In responding to a challenge to personal jurisdiction, "plaintiff[s] [are] entitled to have [their] allegations taken as true and all factual disputes drawn in [their] favor." *Miller Yacht Sales, Inc., v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004).  Where a court reviewing a Rule 12(b)(2) motion declines to hold an evidentiary hearing, "the Court is bound only to consider Plaintiff's Complaint and supporting evidence." *Laverty v. Cox Enterprises, Inc.*, No. CV 18-

1323, 2019 WL 351905, at *1 (D.N.J. Jan. 29, 2019) (citing *O'Connor*, 496 F.3d at 316).  That is to say, where a district court declines to "hold an evidentiary hearing . . . plaintiff[s] need only establish a prima facie case of personal jurisdiction."  *O'Connor*, 496 F.3d at 316 (quoting *Miller Yacht Sales,* 384 F.3d at 97).

### B.    Legal Principles – Personal Jurisdiction

Federal Rule of Civil Procedure 4(k) provides that personal jurisdiction in a United States District Court is established in accordance with the law of the state in which the District Court sits.  *See* FED. R. CIV. P. 4(k)(1)(A) ("Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant:  (A) who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located . . . ."); *see also O'Connor*, 496 F.3d at 316.  This Court therefore looks to the law of Pennsylvania, and Pennsylvania's long-arm statute in particular, to determine the existence of personal jurisdiction over Defendants.

Pennsylvania's long-arm statute provides that "the jurisdiction of the tribunals of this Commonwealth shall extend . . . to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States."  42 PA. CONS. STAT. § 5322(b); *Mellon Bank (E.) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1221 (3d Cir. 1992)  ("The Pennsylvania [long-arm] statute permits the courts of that state to exercise personal jurisdiction over nonresident defendants to the constitutional limits of the due process clause of the fourteenth amendment.").  "Accordingly, in determining whether personal jurisdiction exists," this Court must ask "whether, under the Due Process Clause [of the Fourteenth Amendment], the defendant has 'certain minimum contacts with . . . [Pennsylvania] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'"  *O'Connor*, 496 F.3d at 316-17

(quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)).  "These basic due process

principles are reflected in the two recognized types of personal jurisdiction"—general

jurisdiction and specific jurisdiction.  *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007).  For

this suit to proceed, the Court must be able to exercise one of these forms of personal jurisdiction

over Defendants.

For *general* jurisdiction to exist, the Court's inquiry is whether a defendant's "affiliations

with the [forum] State are so continuous and systemic as to render [him] essentially at home in

the forum State." *Lutz v. Rakuten, Inc.*, 376 F. Supp. 3d 455, 463-64 (E.D. Pa. 2019) (quoting

*Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)).  "For an individual, the paradigm forum for

the exercise of general jurisdiction is the individual's domicile." *Tann v. U.S. Steel Corp.*, No.

CIV.A. 15-3, 2015 WL 3609913, at *4 (W.D. Pa. June 8, 2015) (quoting *Goodyear Dunlop Tires

Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)).  General jurisdiction may be found to

exist whether or not a defendant's contacts with a forum state are related to the plaintiff's cause

of action.  *Metcalfe v. Renaissance Marine, Inc.*, 556 F.3d 324, 334 (3d Cir. 2009).

"With respect to a corporation, the place of incorporation and principal place of business

are 'paradig[m] . . .  bases for general jurisdiction.'" *Daimler AG*, 571 U.S. at 137 (quoting Lea

Brilmayer, Jennifer Haverkamp, Buck Logan, *A General Look at General Jurisdiction*, 66 Tex.

L. Rev. 721, 735 (1988)).  "Those affiliations have the virtue of being unique—that is, each

ordinarily indicates only one place—as well as easily ascertainable." *Id.*  Although the Supreme

Court has "not foreclose[d] the possibility that in an exceptional case, a corporation's operations

in a forum other than its formal place of incorporation or principal place of business may be so

substantial and of such a nature as to render the corporation at home in that State," *id.* at 139

n.19, the Third Circuit has observed that to establish general jurisdiction in another state under

such exceptional circumstances is "incredibly difficult," *Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 223 (3d Cir. 2016).

A court may exercise *specific* jurisdiction where a "plaintiff's claim arise[s] from the defendant's contacts with the forum in which the court sits." *Hepp*, 2020 WL 4437036, at *3. (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413-14 (1984)); *see Marten*, 499 F.3d at 296 ("Specific jurisdiction exists when the claim arises from or relates to conduct purposely directed at the forum state."). The Third Circuit has outlined a three-part inquiry to determine whether specific jurisdiction exists:

> First, the defendant must have "'purposefully directed' his activities" at the forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 472 (1985) (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984)). Second, the plaintiff's claim must "arise out of or relate to" at least one of those specific activities. *Helicopteros,* 466 U.S. at 414. Third, courts may consider additional factors to ensure that the assertion of jurisdiction otherwise "comport[s] with 'fair play and substantial justice.'" *Burger King,* 471 U.S. at 476 (quoting *Int'l Shoe,* 326 U.S. at 320).

*Marten*, 499 F.3d at 296. To satisfy the first element of the inquiry, "[t]here must be a deliberate targeting of the forum . . . . Moreover, the defendant must have purposefully avail[ed] itself of the privilege of conducting activities within the forum." *Lutz,* 376 F. Supp. 3d at 463-64 (internal quotation marks and citations omitted). With respect to the second element of the inquiry, the "analysis should hew closely to the reciprocity principle upon which specific jurisdiction rests"—that is, the relatedness between the benefits and obligations a forum state's law extends to an out-of-state defendant as a result of conduct directed at the forum state. *Id.* at 464 (quoting *O'Connor*, 496 F.3d at 323). When the first two elements of the inquiry are satisfied, the existence of minimum contacts is established, making "jurisdiction presumptively constitutional." *O'Connor*, 496 F.3d at 324. In this circumstance, exercising jurisdiction comports with "traditional notions of fair play and substantial justice," and a "defendant 'must

present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" *Id*. (quoting *Burger King,* 471 U.S. at 477).

### C.      Legal Principles – Jurisdictional Discovery

"Courts should grant jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'" *Neopart Transit, LLC v. CBM N.A. Inc.*, 314 F. Supp. 3d 628, 646 (E.D. Pa. 2018) (citing *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003)).  The Third Circuit has observed that jurisdictional discovery [is] particularly appropriate where a defendant is a corporation." *Rocke v. Pebble Beach Co.*, 541 Fed. Appx. 208, 212 (3d Cir. 2013).

Nevertheless, "a court may deny jurisdictional discovery where the plaintiff has failed to meet its burden of making out a threshold prima facie case of personal jurisdiction." *Arch v. Am. Tobacco Co.*, 984 F. Supp. 830, 841 (E.D. Pa. 1997) (citing *Rose v. Granite City Police Dep't*, 813 F. Supp. 319, 321 (E.D.Pa.1993)).  Furthermore, "jurisdictional discovery is not warranted unless the plaintiff presents factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between [the party] and the forum state.'" *Laverty*, 2019 WL 351905, at *5 (citing *Toys "R" Us*, 318 F.3d at 456)).  As a result, "a plaintiff may not undertake a fishing expedition based only upon bare allegations, under the guise of jurisdictional discovery." *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 157 (3d Cir. 2010); *see also Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 108 n. 38 (3d Cir. 2015) ("[J]urisdictional discovery is not available merely because the plaintiff requests it.").

## IV.      ANALYSIS

### A.      The Court Lacks General Jurisdiction Over Kassem and 3M Trucking, LLC.

The sole allegation in the Complaint for jurisdiction is that "Defendant, 3M Trucking, LLC, regularly conducts business within Philadelphia County, Pennsylvania."  Compl. ¶ 7. Significantly, Yates does not allege, nor does he argue in his opposition to the motion, that this

Court has jurisdiction over Kassem.  Instead, he contends only that this Court has general jurisdiction over 3M Trucking, LLC, because its business in Pennsylvania during 2019 represents a "continuous and systematic" affiliation with this state.  Resp. in Opp'n. to Mot. at 7.

Notwithstanding the absence of any allegation or argument with respect to personal jurisdiction over Kassem,[2] the Court observes that as he is a resident of and domiciled in Michigan, Kassem does not satisfy the paradigmatic basis for the exercise of general jurisdiction over an individual in Pennsylvania.[3]  *Tann*, 2015 WL 3609913, at *4 (quoting *Goodyear*, 564 U.S. at 924).  Consequently, this Court does not possess general personal jurisdiction over Kassem.

Similarly, 3M Trucking, LLC, is both organized under the laws of Michigan and has its principal place of business in Michigan.[4]  The paradigm forums in which a corporate defendant is "at home" are the corporation's place of incorporation and its principal place of business.[5]

---

[2]    Yates concedes that "Defendant, Majed Kassem, is an adult individual residing at the address listed in the caption of the Complaint," (which is a Michigan address).  Compl. ¶ 2.

[3]    "For adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there."  *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989); *Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).

[4]    Yates also acknowledges that "Defendant, 3M Trucking, LLC, is a limited liability company existing and/or qualifying under the laws of the State of Michigan, with a business address at the address listed in the caption of the Complaint."  Compl. ¶ 3.  Furthermore, Yates references as evidence the affidavit of Kassem submitted in support of the motion, which also attests that 3M Trucking, LLC, is a Michigan company with a principal place of business in Dearborn Heights, Michigan—the same address as Majed Kassem, the sole member of the company.  *See* Resp. in Opp'n. to Mot., Ex. B, ECF No. 5-2, ¶ 4.

[5]    The rule for corporations applies equally for LLCs.  *See Finn v. Great Plains Lending, LLC*, No. CV 15-4658, 2016 WL 705242, at *3 (E.D. Pa. Feb. 23, 2016) ("While Great Plains is an LLC and not a corporation, the reasoning of *Daimler* applies with equal force. Although the language of *Daimler* speaks only in terms of corporations, the subsidiary at issue in *Daimler* was Mercedes-Benz USA, LLC ("MBUSA"). *See Daimler AG*, 571 U.S. at 117. . . .The Supreme Court concluded that the district court could not exercise general jurisdiction over Daimler because neither Daimler nor MBUSA is incorporated in California, nor does either entity have its principal place of business there. *Id.* at 761-62. Even though MBUSA is an LLC, the Court

*Daimler AG*, 571 U.S. at 137.  Since 3M Trucking, LLC, is neither organized under the laws of Pennsylvania, nor has its principal place of business in Pennsylvania and it is not registered to do business in this state, 3M Trucking does not satisfy the paradigmatic test for the exercise of general jurisdiction in Pennsylvania.  *See Barth v. Walt Disney Parks and Resorts U.S., Inc.*, 206 F. Supp. 3d 1026, 1031 (E.D. Pa. 2016) (finding the court lacked general jurisdiction over companies that were not incorporated in Pennsylvania and did not maintain principal places of business in Pennsylvania), *aff'd,* 697 F. App'x 119 (3d Cir. 2017).

Yates contends that despite having no formal, physical presence in Pennsylvania at all— no real property or offices are owned or leased, no employees are permanently based in Pennsylvania, and no address for service in this state is maintained, *see* Resp. in Opp'n. to Mot., Ex. B, ¶¶ 9-13—3M Trucking has "continuous and systemic affiliations" with Pennsylvania.  In support of this argument, Yates points to Kassem's affidavit in support of the motion to dismiss, which states that "3M Trucking, LLC delivered or picked up approximately 1-2 loads in Philadelphia County and approximately 15-18 loads in Pennsylvania, making up about 12% of its total revenue for 2019."  *Id.* at 7.

The limited contacts to which Yates points fall far short of the "continuous and systematic" affiliations with Pennsylvania that would essentially render 3M Trucking at home in this state.  The connection between Pennsylvania and small number of pickups and deliveries conducted in Pennsylvania during 2019 is simply too attenuated, without more, to support a finding of general personal jurisdiction over Kassem or 3M Trucking, LLC.  *See Avicolli v. BJ'S Wholesale Club, Inc*., No. CV 21-1119, 2021 WL 2454454, at *3 (E.D. Pa. June 16, 2021) ("If

---

looked to MBUSA's place of incorporation and principal place of business to determine whether it was essentially at home in California and thus subject to general jurisdiction in the State.").

we had general jurisdiction over the defendant merely based on its revenue, number of pick-ups and drop-offs, and amount of highway travel within the state, the defendant or, indeed, any company . . . with a multistate business presence . . . would potentially be subject to general, all-purpose jurisdiction in several states."); *Farber v. Tennant Truck Lines, Inc*., 84 F. Supp. 3d 421, 433 (E.D. Pa. 2015) (finding that for a multistate shipping company which completed over 4600 deliveries and pickups in Pennsylvania between 2010 and 2014, "mere deliveries, in Pennsylvania, even occurring at regular intervals, are insufficient to justify Pennsylvania's assertion of general jurisdiction over [the company] in causes of action unrelated to those deliveries"); *Laverty*, 2019 WL 351905, at *3 ("As *Daimler* cautioned, '[a] corporation that operates in many places can scarcely be deemed at home in all of them.'"); *Carney v. Bill Head Trucking, Inc.*, 83 F. Supp. 2d 554, 557 (E.D. Pa. 2000) ("If personal jurisdiction could be established by the mere act of traversing another state's highways, the underlying concerns of due process would be defeated. . . ." (quoting *Amos v. Pendry,* 810 F. Supp. 146, 149 (E.D. Pa. 1992))).

For the reasons set forth above, Yates has not met his burden of establishing a prima facie case that Defendants have sufficient contacts with Pennsylvania for general personal jurisdiction to be properly exercised over them by this Court.

**B.**     **The Court Lacks Specific Jurisdiction Over Kassem and 3M Trucking, LLC.**

"In the absence of general jurisdiction, a plaintiff may rely on specific jurisdiction where the cause of action is related to, or arises out of, the defendant's contacts with the forum." *Real Est. Sols. Today LLC. v. Scifo*, No. CV 20-4512, 2021 WL 486896, at *3 (D.N.J. Feb. 10, 2021) (citing *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998)).  In applying the three-

part inquiry set forth by the Third Circuit, this Court finds that it lacks specific personal jurisdiction over Kassem and 3M Trucking, LLC.[6]

First, Yates has not established that Kassem or 3M Trucking, LLC "purposefully directed" their activities at Pennsylvania. The extent to which 3M Trucking had some purposeful contact with Pennsylvania was limited to a small number of pickups and deliveries in 2019. Such occasional or minor transactions fail to constitute purposeful availment of the privilege of conducting activities within the forum. *Pennzoil Prod. Co. v. Colelli & Assocs., Inc.*, 149 F.3d 197, 203 (3d Cir. 1998) ("If a nonresident defendant's contact with the forum is simply 'fortuitous' or 'the result of a single transaction,' the minimum-contacts requirement has not been satisfied." (quoting *Max Daetwyler Corporation v. R. Meyer,* 762 F.2d 290, 298 (3d Cir. 1985)). Second, and more obviously, Yates's claim does not "arise out of or relate to" at least one of those contacts that was purposefully directed at Pennsylvania. The present litigation concerns a motor accident which occurred entirely in Maryland. No part of Yates's Complaint alleges injuries stemming from Defendants' conduct in Pennsylvania.

For these reasons, specific personal jurisdiction may not be properly exercised over Defendants in Pennsylvania.

### C.      Yates is Not Entitled to Jurisdictional Discovery.

Yates requests limited discovery in order to bolster his claim that this Court may exercise personal jurisdiction over 3M Trucking. *See* Resp. in Opp'n. to Mot. at 7. Specifically, Yates seeks to ascertain facts regarding 3M Trucking's business in Pennsylvania during other years, or, facts related to where Defendants were "coming from or going to at the time of the accident, and

---

[6]      Yates appears to concede that the Court does not have specific jurisdiction over 3M Trucking, LLC, as his arguments focus exclusively on whether it is appropriate for the Court to exercise general jurisdiction. *See* Resp. in Opp'n. to Mot. at 6.

if they had made a pick up or delivery in Pennsylvania." *Id.* at 8.

In this case, Yates has not presented factual allegations sufficient to warrant jurisdictional discovery. The only forum contacts he alleges are that 3M Trucking regularly conducts business within Pennsylvania, evidenced by its delivering or picking up about 1-2 loads in Philadelphia County and approximately 15-18 loads in Pennsylvania in 2019. These contacts fall far short of suggesting the potential existence of continuous and systematic contacts needed to deem 3M Trucking "at home" in Pennsylvania. Equally important, these allegations are unrelated to the claim at issue in this suit.

## V.   CONCLUSION

For the reasons set forth above, Yates has failed to make a prima facie showing that the Court possesses general or specific personal jurisdiction over Kassem and 3M Trucking, LLC, or that jurisdictional discovery is warranted. Defendants' motion to dismiss for lack of personal jurisdiction is therefore granted. [7] A separate Order follows this Opinion.

---

[7]   Defendants move for dismissal in the alternative based on improper venue. This Court may, in the interest of justice, transfer this matter to another court, however several factors militate against such a decision. First, the Defendants' argument for dismissal based on improper venue is not their primary argument. Second, neither party has addressed or requested a transfer of venue in the case of dismissal based on personal jurisdiction. Third, under Maryland law, which provides that, "a civil action at law shall be filed within three years from the date it accrues," Md. Code Ann., Cts. & Jud. Proc. § 5-101, and Michigan law, which provides a three-year statute of limitations after the time of injury to a person, *see* Mich. Comp. Laws § 600.5805(2), Yates will not be time-barred from bringing his suit in another jurisdiction if the matter is not immediately transferred. Accordingly, this Court declines to deprive Yates of his right to choose the forum in which he will refile his claim. *See Mohler v. Golden 1 Credit Union*, No. 4:17-CV-02261, 2018 WL 7075296, at *6 (M.D. Pa. Dec. 17, 2018) (declining to transfer an action where plaintiff "did not alternatively move to transfer venue, let alone address the matter of transfer, in response to [defendant's] motion to dismiss pursuant to Rule 12(b)(2). Indeed, [plaintiff] has not expressed whether, in the event the Court found personal jurisdiction to be lacking in the Commonwealth of Pennsylvania, he would prefer to assert his claims against [defendant] in an alternative forum"), *report and recommendation adopted*, No. 4:17-CV-2261, 2019 WL 247396 (M.D. Pa. Jan. 17, 2019).

BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge